[McAllister v. The State.]

# McAllister *v*. The State.

*Writing Prescription for Intoxicating Liquors.*

(Decided June 18, 1908. 47 South. 161.)

1. *Indictment and Information; Intoxicating Liquors; Prescription to Obtain; Sufficiency.*—An indictment for procuring intoxicating liquors through the issuance of a prescription which describes the prescription in such manner that the court by inspection can say whether it was such an instrument as might be the basis of the offense charged, is good, and if it was such an insrtument it was not necessary that it be set out in haec verba.

2. *Statute; Title of Act; Subject Matter.*—The title of the act of August 13, 1907 (Acts 1907, p. 727), is sufficiently comprehensive for the inclusion in the act of provisions against the issuance of a prescription by physicians or other persons for intoxicating liquors, and for forbidding such acts to be done on Sunday.

3. *Constitutional Law; Personal Liberty; Prescriptions for Liquor.*—It being competent for the Leegislature to regulate and prohibit the liquor traffic, and the statute under consideration embracing all of a class (Acts 1907, p. 727), is not obnoxious to the constitution as interfering with the personal liberty of a physician in the issuance of prescriptions for the sale of such liquor.

4. *Statutes; Construction; "Other Persons"; Intoxicating Liquors.*—The Acts of 1907, page 727, in the use of the words, "licensed physician or other persons," must be held to apply to a licensed physician, or to one not licensed, who assumes to practice medicine, and therefore, whether the physician was licensed or not, if he practiced such profession he was in the terms of such act prohibiting the issuance of such prescription.

5. *Criminal Law; Issue; Unnecessary Averment.*—If it is alleged in the indictment that the prescription for intoxicating liquors was issued in the name of a licensed physician, the state has the burden of proving that the physician issuing the prescription was a licensed physician, notwithstanding such averment may have been unnecessary.

6. *Evidence; Best and Secondary.*—A physician may not show that he is a licensed physician by testimony that he has a diploma authorizing him to practice medicine; the diploma is the best evidence, and its contents may not be shown if the diploma may be produced.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. C. HOWZE.

J. T. McAllister was convicted of issuing a prescription for intoxicating liquors by signing the name of a licensed physician thereto, and he appeals. Reversed and remanded.

ESTES, JONES & WELCH, and SAM WILL JOHN, for appellant. The writing or issuing of a prescription is the sum and substance of the act, and the prescription should have been set out verbatim.—*Langford v. The State*, 45 Ala. 28; 22 Cyc. 354-K; 10 Ency P. & P. 481-L-2; 6 Words & Phrases, 552. The subject matter of the act is not sufficiently stated in the title. The act is an invasion of the personal liberty of the physician The court erred in admitting testimony of the contents of the diploma.—1 Green Evid. 82. The allegation that Dr. Hagler was a licensed physician was necessary to be proven.—*Curry v. Gibson*, 108 Ala. 462; *Nelson v. The State*, 97 Ala. 80.

ALEXANDER M. GARBER, Attorney-General and THOMAS W. MARTIN, Assistant Attorney-General, for the State. The demurrers to the indictment are too general to raise a constitutional question. The fact that Dr. Hagler was a licensed physician having a diploma was collateral to the issues, and it was not necessary to produce the diploma.—*Griffin v. The State*, 129 Ala. 92; *Foxworth v. Brown Bros.* 120 Ala. 59.

HARALSON, J.—The indictment against the defendant was under the act of August 13, 1907 (Acts 1907, p. 727.) It contains five counts: The first, that defendant wrote or caused to be written or issued a prescription for more than one-fourth of a pint of spirituous, vinous, malt or other intoxicating liquor, on Sunday; second, that he issued or caused to be issued on Sunday, a prescription for such liquor, without giving the name or residence of the person to whom said prescription was issued, and without specifying the disease of the patient for whom such prescription was issued; third, that he wrote or signed the name of P. L. Hagler, a

licensed physician, to a prescription for the sale of such liquor on Sunday; fourth, that he assumed the name and character of P. L. Hagler, a licensed physician, for the purpose of signing or issuing a prescription for the sale of such liquor, on Sunday, and in such assumed character, did issue a prescription for the sale of such liquor on Sunday; and fifth, that he issued or caused to be issued on Sunday, a prescription for the sale of such liquors, without specifying the disease of the patent for whom such prescription was issued.

The defendant demurred to the indictment on many grounds, which demurrer was overruled, and of this defendant complains as error. It is unnecessary to set out these grounds of demurrer, for it will appear, that the demurrer was properly overruled.

The title of the act under which the defendant was indicted, is, "To further regulate and prohibit the sale of other disposition of spirituous, vinous or malt intoxicating liquors, or the issuing of prescriptions by physicians for the sale or other disposition of such liquors."

The first section of the act provides, that no licensed physician or other person, shall write or cause to be written, or issued, a prescription for more than one-fourth of a pint of liquors specified in the title, on Sunday, etc.

The second is, that all prescriptions by a physician or other person for the sale of such liquors, shall give the name, residence, and the disease of the patient for whom such prescription is issued, which prescription must be kept on file by the person, firm, or corporation filling the same, for public inspection; and all such prescriptions must be signed by a regularly licensed physician of the county in which such prescriptions are filled.

[McAllister v. The State.]

The third section provides, that no person shall write or sign the name of any licensed physician to a prescription for such intoxicants, and no person shall assume the name of a licensed physician for the purpose of signing or issuing such prescription; and the fourth, prohibits any druggist, firm or corporation from filling any prescription in violation of the provisions of the act, and prescribes a penalty for the violation of the act.

The evidence tends to show without conflict, that the averments of the indictment were proved. The prescription was set out in the evidence, and reads: "Gunn Drug Company, Birmingham, Alabama, Sept. 22, 1907 (Sunday). 42172. Spts. Frumenti. OO: Sig. as directed. For J. D. Lankford, 1003 S. 20th St. P. L. Hagler, M. D. 9-22-7."

It is not disputed that Dr. Hagler did not write or sign the prescription; but it is shown that the defendant wrote and signed the name of the doctor thereto, and it was not shown that the doctor knew of or consented to the writing of the prescription.

It is objected by demurrer that the prescription is not set out in hæc verba in the indictment, and that this should have been done. The rule is, that the instrument ought to be set out in the indictment or so described, that the court by inspection may pronounce whether it is such an instrument as may be the basis of the offense charged or not.—*Langford v. State,* 45 Ala. 28; 22 Cyc. 354, k, 355 (5).

The prescription was described in the indictment in such manner as made it conformable to this rule; and it was not necessary, after this, to set it out in hæc verba. The defendant was fully apprised by the averments as to the offense with which he was charged.

The body of the act did not go further than the title authorized. The title is very comprehensive, and its evident purpose was, as expressed, to prohibit the sale or

other disposition of the liquors mentioned, or the issuing of prescriptions by physicians or other persons therefor. The fact that the body of the act includes, and forbids, other persons besides physicians, from issuing such prescriptions, is clearly within the terms of the title for the regulation and prohibition of such liquors; and that this was forbidden to be done on Sunday, does not transcend the title, any more than if done on any other day. It was to regulate and prohibit such sales by prescriptions on any day of the week—on Sunday as well as any other day. Nor is the act subject to the objection that it interferes with the personal liberty of the physician. It embraced all of his class, and had no personal bearing on him, more than on any other physician. It was competent for the Legislature, in the interest of regulating and prohibiting the liquor traffic, to pass the bill.—*McCurry v. Gibson*, 108 Ala. 451, 18 South. 806, 54 Am. St. Rep. 177.

The terms of the act are, that "no licensed physician or other person shall write or cause to be written," etc. The words, "other person," as thus employed, apply to a licensed physician, or one not licensed, who assumes to practice medicine. So, whether Dr. Hagler, whose name was signed to the prescription without his knowledge or consent, was a licensed physician or not, if he practiced such profession, brought him within the terms of the act, under the comprehensive words, "other person." The evidence was to the effect that Dr. Hagler was engaged in the practice of medicine. He testified that he had a diploma which authorized him to practice; that his diploma was at his office in Birmingham, about two blocks away. The defendant objected to this evidence and moved to exclude it, which objection and motion were severally overruled.

[Richter v. The State.]

It was, perhaps, unnecessary to aver that Dr. Hagler was a licensed physician, but it is so distinctly averred in the indictment, and if an unnecessary averment, the plaintiff assumed the burden of proving it. The fact that the physician had a diploma did not prove it, and to allow him to testify that he had such a diploma was incompetent and illegal evidence. Code 1896, §§ 3260-3267. Furthermore, the diploma, if of any value as evidence, should have been produced, and hearsay evidence of its contents was inadmissible. 1 Gr. Ev. § 82.

The court charged affirmatively on the third and fourth counts, and refused a like charge for the defendant. In this there was error.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.